ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jun-06  10:57:18
60CV-16-3031
C06D12 : 12 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### _____ DIVISION

**DERRICK BRIGGS**                                    **PLAINTIFF**

**v.**                 **Case No. _____**

**TRANSWORLD SYSTEMS, INC.,**
**EGS FINANCIAL CARE, INC.,**
**FINKELSTEIN, KERN, STEINBERG &**         **DEFENDANTS**
**CUNNINGHAM, P.C. and John Does 1-10**

---

### VERIFIED COMPLAINT

---

Comes now the Plaintiff Derrick Briggs, through his attorneys CROWDER MCGAHA, LLP, and for his Complaint against Transworld Systems, Inc. ("TSI"), EGS Financial Care, Inc., ("EGS"), FINKLESTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., ("FKSC") and John Does 1-10, states:

1.      This Action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* (AFCPA), and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et. seq.* (ADTPA).



EXHIBIT
B

## PARTIES, JURISDICTION & VENUE

2.　　Derrick Briggs is an individual, adult who resides in Little Rock, Arkansas, a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2) and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

3.　　Transworld Systems, Inc., ("TSI") is a California Corporation, with a principal office of 5800 Commerce Blvd., Rohnert Park, CA 94248. TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). TSI is a "person" under Ark. Code Ann. § 4-88-102(5). TSI is licensed with the Arkansas State Board of Collection Agencies. TSI can be served by process through its registered agent The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201-3717.

4.　　Defendant EGS Financial Care, Inc., ("EGS") is the current name of NCO Financial Systems, Inc.  EGS is a Pennsylvania corporation with its principal offices at 507 Prudential Road, Horsham, PA 19044 and who may be served with process through its registered agent, The Corporation Service Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201-3717. EGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). EGS is a

"person" under Ark. Code Ann. § 4-88-102(5). EGS is licensed with the Arkansas State Board of Collection Agencies.

5.      Defendant FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., ("FKSC") is a Tennessee Professional Corporation, with a principal office of 1810 Ailor Ave., Knoxville, TN 37921-5802.  FKSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6). It may be served by process through Ron Cunningham, 1810 Ailor Ave., Knoxville, TN 37921-5802.

6.      John Does 1-10 are persons/entities whose identity is unknown to Plaintiff and Plaintiff's attorney who may have liability for the causes of action. An affidavit of same from Plaintiff's attorney is attached hereto as Exhibit No. 1 and incorporated by reference under Ark. Code Ann. § 16-56-125(c).

7.      Venue is proper here under Ark. Code Ann. § 16-60-101, because each of the causes of action alleged accrued in Pulaski County, Arkansas, and because the Defendants conducts substantial business in this county.

8.      This Court has subject-matter jurisdiction over this Action under Ark. Const. Amend. 80 § 6(A) which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution." This Court has jurisdiction over Plaintiff's FDCPA claims under

15 U.S.C. § 1692k(d) which allows an Action to enforce the FDCPA to be brought in any "court of competent jurisdiction."

## FACTS

9.      Mr. Briggs is a retired officer with the Arkansas State Police. Mr. Briggs was formerly married to Margaret Joan Briggs ("Margaret Briggs"). They divorced on May 18, 1993.

10.     In October 2006, Margaret Briggs listed Mr. Briggs as a co-signer for a student loan. Margaret Briggs contacted Mr. Briggs and sought his help obtaining a student loan. Mr. Briggs faxed a pay sheet to a phone number that Margaret Briggs gave him. After faxing this pay sheet, Mr. Briggs heard nothing further about the student loans. This financial obligation was primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     In December 2013, after the student loan went into default, Mr. Briggs alerted Defendants he did not sign the student loan documents and provided them with evidence his signature on the loan was not genuine.

12.     On August 21, 2015, Mr. Briggs received a letter stating he owed the "National Collegiate Student Loan Trust 2007-1" $16,687.82. On August 21, 2015, Mr. Briggs received a letter stating he owed the "National Collegiate Student Loan

Trust 2006-4" $17,102.60. On August 21, 2015, Mr. Briggs received a letter stating he owed the "National Collegiate Student Loan Trust 2007-1" $26,938.15.

13.     On September 23, 2015, Mr. Briggs received a letter stating he owed the "National Collegiate Student Loan Trust 2007-2" $16,077.04.

14.     After receiving these letters, Mr. Briggs continued to dispute his liability for the loans.

15.     On December 15, 2016, National Collegiate Student Loan Trust 2006-4 and 2007-1, filed separate suits against Mr. Briggs in the District Court for Pulaski County, Civil Division. *See* Exhibit No. 2, Excerpts from Case Nos. PCCV-15-2373 and PCCV-15-2372.

16.     In a January 11, 2016, document: "Fraud Review/Recommendation," Marisa Dartania recommended "fraud denied." Marisa Dartania is employed by EGS as one of two "legal support specialists." In this document, Ms. Dartania stated "the signature isolations very clearly show that the signature on the loan documents and disbursement checks do not belong to [Mr. Briggs]." Ms. Dartania also stated there were no notes from the loan originator that show that the co-borrower called in regarding the loans." Despite these findings, Ms. Dartania reasoned that because "[Mr. Briggs] was not only aware of the loans but aided in obtaining and or (sic)

securing the loans . . . it cannot be fraud if [Mr. Briggs] has discussed the loans with

AES or in any way aided in the obtaining or securing of the loans."

17.    The Loan Payment History Report Attached as Exhibit C to

Defendants' Complaints, states:

        A.    the last payment date on the Loan was September 30, 2010, for $45.50 [NCSLT 2006-4] and $44.40 [NCSLT 2007-1]; and

        B.    the loan was disbursed on October 5, 2006, for $10,928.96. [NCSLT 2006-4] and on January 2, 2006 for $10,928.96.

18.    The Affidavit and Verification of Account Attached as Exhibit C to

Defendants' Complaints was signed by Kayla E. Chandler employed by TSI. Ms.

Chandler states:

        A.    A loan was extended for [Mr. Briggs's] use pursuant to the terms of the loan agreements.

        B.    [Mr. Briggs] has failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

        C.    After all payments, credits and offsets have been applied, [Mr. Briggs] owes the principal sum of $14,015.38 together with accrued interest in the amount of $2,672.44 totaling the sum of $16,687.82 as of 11/20/2015. [NCSLT 2006-4].

        D.    After all payment, credits and offsets have been applied [Mr. Briggs] owes the principal sum of $14,015.38 together with accrued interest in the amount of $2,672.44 totaling the sum of $16,687.82 as of 11/20/2015. [NCSLT 2007-1].

19. Ms. Chandlers' Affidavits and Verifications bears indicia of robo-signing because it is signed in blank with a stamp.

20. The National Collegiate Student Loan Trust 2006-4 and The National Collegiate Student Loan Trust 2007-1 ("NCSLT") are Delaware business trust with no employees or corporate trustees. The NCSLT is not registered to do business in Arkansas. Under Arkansas law, a foreign business trust must obtain a certificate of authority from the Arkansas Secretary of State. *See* Ark. Code Ann. §§ 4-3-401-402, 404. Without this certificate, it lacks the "right to sue," or "transact or conduct business within the state." *See* Ark. Code Ann. § 4-31-403(b), 404. *See also*, Ark. Code Ann. § 4-27-1502(a)("a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.").

21. NCSLT has filed hundreds of lawsuits against citizens of Arkansas.

22. NCSLT is not the real party in interest in these lawsuits.

## CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FDCPA
### (Against all Defendants)

23. Plaintiff incorporates by reference all paragraphs as if fully set forth.

24.     The foregoing acts and omissions of every Defendant constitute numerous violations of the FDCPA including:

> A.     **15 U.S.C. § 1692e: False, deceptive or misleading representation or means with debt collection**. Defendants filed a time-barred collection suit against a party who did not sign a contract.

> B.     **15 U.S.C. §1692e(2): Character, amount, or legal status of alleged debt**. Defendants falsely state the balance of the debt, the loan was disbursed to Mr. Briggs, and his last payment on the Loan was December 11, 2012.

> C.     **15 U.S.C. §1692(e)(5): Threaten to take any action that cannot legally be taken**. Defendants filed a time-barred collection suit against a party who did not sign a contract.

> D.     **15 U.S.C. §1692(e)(10): Any false representation or deceptive means to collect a debt**. Misrepresentation of NCSLT's authority to sue and failing to identify the creditor clearly.

25.     Because of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

26.     Defendants' conduct has caused Plaintiff to suffer humiliation, anxiety, embarrassment, frustration, injury to his credit rating and credit reputation, and lost time and expense.

## COUNT II
## VIOLATIONS OF THE AFCPA
### (Against separate Defendants TSI and EGS)

27.    Plaintiff incorporates by reference all paragraphs as if fully set forth.

28.    The foregoing acts and omissions of TSI and EGS constitute numerous

violations of the AFCPA including:

A.    **Ark. Code Ann. § 17-24-506(a): False, deceptive or misleading representation or means with debt collection.** TSI and EGS filed a time-barred collection suit against a party who did not sign the contract.

B.    **Ark. Code Ann. § 17-24-506(b)(2): Character, amount, or legal status of alleged debt.** TSI falsely state the balance of the debt, the loan was disbursed to Mr. Briggs, and the last payment date on the Loan was September 30, 2010.

C.    **Ark. Code Ann. § 17-24-506(b)(5): Threaten to take any action that cannot legally be taken.** TSI filed a time-barred collection suit against a party who did not sign a contract.

D.    **Ark. Code Ann. § 17-24-506(b)(10): Any false representation or deceptive means to collect a debt.** Misrepresentation of NCSLT's authority to sue and failing to identify the creditor clearly.

29.    Because of TSI's and EGS's violations of the AFCPA, Plaintiff has

suffered out-of-pocket expenses and is therefore entitled to actual damages under

Ark. Code Ann. § 17-24-512(a)(1) statutory damages up to $1,000.00 under Ark.

Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under

Ark. Code Ann. § 17-24-512(a)(3)(A) from TSI and EGS.

30.   Defendants' conduct has caused Plaintiff to suffer humiliation, anxiety, embarrassment, frustration, injury to his credit rating and credit reputation, and lost time and expense.

## COUNT III
## VIOLATIONS OF THE ADTPA
### (Against separate Defendant TSI and EGS)

31.   Plaintiff incorporates by reference all paragraphs as if fully set forth.

32.   The ADTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which is liberally construed in favor of consumers.

33.   TSI's and EGS's practices violate the following sections of the ADTPA:

    A.    Knowingly making a false representation as to the characteristics of services. Ark. Code Ann. § 4-88-107(a)(1).

    B.    Knowingly taking advantage of a consumer reasonably unable to protect his interest because of ignorance or inability to understand the language of the agreement. Ark. Code Ann. § 4-88-107(a)(8).

    C.    Engaging in any unconscionable, false, and deceptive acts or practices in business, commerce or trade. Ark. Code Ann. § 4-88-107(a)(10).

34.   TSI's and EGS's conduct also violates Ark. Code Ann. § 4-88-108 by suppressing material facts, and using deception or false pretenses.

35. TSI's and EGS's conduct has caused Mr. Briggs to suffer actual damages and injury in an amount to be determined at trial.

## REQUEST FOR JURY TRIAL

36. Ms. Briggs demands a trial by a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Briggs demands judgment against the Defendants for:

A. Actual and compensatory damages;

B. Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A) and Ark. Code Ann. § 17-24-512(a)(2)(A);

C. Reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), Ark. Code Ann. § 17-24-512(a)(3)(A), and Ark. Code Ann. § 4-88-113(f); and

D. Such other further relief as the Court may deem just and proper.

Date: June 6, 2016

Respectfully submitted,

Will Crowder
Ark. Bar No. 2003138
Corey D. McGaha
Ark. Bar No. 2003047
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax:   (501) 367-8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Derrick Briggs, having first been duly sworn and upon oath, deposes and says:

1.      I am the Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.      I have provided my attorneys with true and correct copies of each and every Exhibit which has been attached to this Complaint.

7.      I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Derrick Briggs

STATE OF ARKANSAS      )
                       ) ss
COUNTY OF PULASKI      )

Acknowledged before me, this ____6th____, day of ___June___, 2016

_____
Notary Public

[Seal of Office]

LAURIE PERRY
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires March 03, 2019
Commission No. 12370174

My commission expires: __3-03-2019__

Page 12 of 12

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jun-06 10:57:18
60CV-16-3031
C06D12 : 2 Pages

# EXHIBIT No. 1



*Derrick Briggs v. Transworld Systems, Inc.*
Circuit Court of Pulaski County, Arkansas

**VERIFIED COMPLAINT**

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____DIVISION

**DERRICK BRIGGS**                                                    **PLAINTIFF**

v.                          Case No. _____

**TRANSWORLD SYSTEMS, INC.,
EGS FINANCIAL CARE, INC., FINKELSTEIN,
KERN, STEINBERG &
CUNNINGHAM, P.C. and John Does 1-10**                  **DEFENDANTS**

---

### AFFIDAVIT OF WILLIAM T. CROWDER

---

I, William T. Crowder, duly licensed attorney practicing with CROWDER MCGAHA, LLP, being duly sworn, state upon oath:

1.      That I am an attorney for the Plaintiff.

2.      That the identities of the persons or entities named as Defendants John Does 1-10 are unknown to the Plaintiff and Plaintiff's Attorney.

3.      This Affidavit is intended to comply with the requirement of Ark. Code Ann. § 16-56-125(c) that an Affidavit be filed with Plaintiff's Complaint when the identity of a tortfeasor or tortfeasors is unknown.

AFFIANT FURTHER SAY NOT.

_____
Will T. Crowder, Ark. Bar No. 2003-138

STATE OF ARKANSAS     )
                      ) ss
COUNTY OF PULASKI     )

Acknowledged before me, this ___6 th___, day of ___June___, 2016

_____
Notary Public

[Seal of Office]
My commission expires: _3 - 03 - 19_

LAURIE PERRY
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires March 03, 2019
Commission No. 12370174

**Page 1 of 1**

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jun-06 10:57:18
60CV-16-3031
C06D12 : 21 Pages

# EXHIBIT No. 2



*Derrick Briggs v. Transworld Systems, Inc.*
Circuit Court of Pulaski County, Arkansas

**VERIFIED COMPLAINT**

**EXHIBIT C**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-1
A Delaware Statutory Trust(s)                )
                                             )
                                             )
Plaintiff                                    )        Docket #
                                             )
v.                                           )
                                             )
                                             )
DERRICK BRIGGS                               )
                                             )
Defendant(s)                                 )

### AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                             )
                                             )
COUNTY OF GWINNETT                           )

BEFORE ME, the undersigned authority, personally appeared Affiant ___Kayla E. Chandler___,

who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated

Custodian of Records for Plaintiff pertaining to the Defendant's education loan(s) forming the

subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the

representations contained in this Affidavit and I am over the age of 18 and competent to testify to

the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to TSI that detail the

education loan records. I also have personal knowledge of the record management practices and

This is an attempt to collect a debt
and any information obtained will be used
for that purpose. This communication is
from a debt collector.

**EXHIBIT C**

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

     3.     This lawsuit arose out of an unpaid loan or loans owed by defendant DERRICK BRIGGS to Plaintiff.  Specifically Defendant entered into an education loan agreement at Defendant's special instance and request.  A loan was extended for Defendant's to use pursuant to the terms of the loan agreements.  Defendant has failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

     4.     Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

     5.     I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

     6.     I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx0880/002-001000.  No payment has been made since 9/30/2010.  After all payments, credits and offsets have been applied, defendant DERRICK BRIGGS owes the principal sum of $14,015.38, together with accrued interest in the amount of $2,672.44, totaling the sum of $16,687.82 as of 11/20/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.  In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.

# EXHIBIT C

agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7. Based on records maintained by Plaintiff, the Defendant is not a minor or incompetent. A reasonable inquiry has been made to determine if the Defendant is in the military service of the United States of America, and to the best of my knowledge, Defendant is not in such military services said is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8. I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

 

AFFIANT
Print Name:   **Kayla E. Chandler**
Title:   ~~Legal Case Manager~~

SWORN AND SUBSCRIBED to before me this __20__ day of __Nov__, 20_15_.

 

NOTARY PUBLIC
My Commission Expires on _____



This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

# EXHIBIT A

This is an attempt to collect a debt
and any information obtained will be used
for that purpose.  This communication is
from a debt collector.

Department of Defense Manpower Data Center



**EXHIBIT C**

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>BRIGGS</u>
First Name: <u>DERRICK</u>
Middle Name:
Active Duty Status As Of: <u>Nov-20-2015</u>

| | | | |
|---|---|---|---|
| | NA | | NA |
| | This response reflects | Status Date | |

| | | | |
|---|---|---|---|
| | NA | | NA |
| | This response reflects | Active Duty Status Data | |

| | | | |
|---|---|---|---|
| | NA | | NA |
| | This response reflects | report for active duty | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

to an attempt to collect a debt
y information obtained will be used
pose. This communication is
m a debt collector.

This response supports the conclusion... DMDC has issued hundreds of thousands of "I have not perceived my information indicating that the individual is to serve on active duty response, and thus experienced only a small time rate. In the event the individual returned absent, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the URL: https://www.dmdc.osd.mil/appj/scra/popup/PopUpServiceMember.do providing Service Members or Gaining a Mailing Address. If you have evidence the person was on active duty for the active duty status date and you fail to obtain the additional Service verification, punitive provision of the SCRA may be involved against you.   See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More Information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. This 30 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protection. Persons seeking to rely on this website certification should check to make sure this notice on which SCRA protections are based have not been canceled to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of provisions of the SCRA extend beyond the last dates of active duty.

These who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: P2PC26F5E2O2OB0

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## Loan Payment History Report
### Date: 2015-08-25

# EXHIBIT C

| | | | |
|---|---|---|---|
| Account Number: | ████████ 000 | | |
| Social Security Number: | ████ 880 | Product: | DFG DIRECT TO CONSUMER GRAD |
| Name: | BRIGGS, MARGARET | Officer Code: | 777071 |
| Birth Date: | 1956 ████ | School: | GRACELAND UNIVERSITY |
| Address 1: | ████████ | Program Year: | 2005-06 |
| Address 2: | | | |
| City: | RAVENDEN | Variable Rate Code: | FU LIBOR |
| State: | AR | Interest Rate: | 4.48% |
| Zip Code: | ████████ | Last Payment Date: | 2010-09-30 |
| Cosigner Name: | BRIGGS, DERRICK | | |
| Social Security Number: | ████ 857 | | |
| Address 1: | 9 BAY MEADOW CT | | This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. |
| Address 2: | | | |
| City: | LITTLE ROCK | | |
| State: | AR | | |
| Zip Code: | ████████ | | |
| | | Last Payment Amount: | $44.40 |
| | | Payment Due Date: | 2011-05-06 |
| Contract Date: | 2007-01-02 | Last Interest Date: | 2015-08-25 |
| Date Assigned: | 2015-08-20 | Accrued Interest: | $2,679.32 |
| Charge Off Date: | 2011-06-01 | Recovered Interest: | $0.00 |
| Charge Off Amount: | $14,015.38 | Net Interest: | $2,679.32 |
| Recovered Principal: | $0.00 | Associated Costs: | $0.00 |
| Net Charge Off: | $14,015.38 | Recovered Costs: | $0.00 |
| Disbursement Date: | 2007-01-02 | Net Costs: | $0.00 |
| Disbursement Amount: | $10,928.96 | | |

## Transaction History

| | | | | | |
|---|---|---|---|---|---|
| System | 2011-06-30 | 00:01 | 82 | $14,015.38 @ 4.560 / 06/01/2011 - 06/30/2011 | $50.78 |
| System | 2011-07-01 | 00:01 | 82 | $14,015.38 @ 4.560 / 06/30/2011 - 07/01/2011 | $1.75 |
| System | 2011-07-31 | 00:01 | 82 | $14,015.38 @ 4.510 / 07/01/2011 - 07/31/2011 | $51.95 |
| System | 2011-08-01 | 00:01 | 82 | $14,015.38 @ 4.510 / 07/31/2011 - 08/01/2011 | $1.73 |
| System | 2011-08-31 | 00:01 | 82 | $14,015.38 @ 4.510 / 08/01/2011 - 08/31/2011 | $51.95 |
| System | 2011-09-01 | 00:01 | 82 | $14,015.38 @ 4.510 / 08/31/2011 - 09/01/2011 | $1.73 |
| System | 2011-09-30 | 00:01 | 82 | $14,015.38 @ 4.510 / 09/01/2011 - 09/30/2011 | $50.22 |
| System | 2011-10-03 | 00:01 | 82 | $14,015.38 @ 4.510 / 09/30/2011 - 10/03/2011 | $5.20 |
| System | 2011-10-31 | 00:01 | 82 | $14,015.38 @ 4.500 / 10/03/2011 - 10/31/2011 | $48.38 |
| System | 2011-11-01 | 00:01 | 82 | $14,015.38 @ 4.500 / 10/31/2011 - 11/01/2011 | $1.73 |
| System | 2011-11-30 | 00:01 | 82 | $14,015.38 @ 4.500 / 11/01/2011 - 11/30/2011 | $50.11 |

EXHIBIT G

| System | 2011-12-01 | 00:01 | 82 | $14,015.38 @ 4.500 / 11/30/2011 - 12/01/2011 | $1.73 |
|--------|-----------|-------|-----|---------------------------------------------|-------|
| System | 2011-12-31 | 00:01 | 82 | $14,015.38 @ 4.500 / 12/01/2011 - 12/31/2011 | $51.84 |
| System | 2012-01-03 | 00:01 | 82 | $14,015.38 @ 4.550 / 12/31/2011 - 01/03/2012 | $5.22 |
| System | 2012-01-31 | 00:01 | 82 | $14,015.38 @ 4.550 / 01/03/2012 - 01/31/2012 | $48.79 |
| System | 2012-02-01 | 00:01 | 82 | $14,015.38 @ 4.550 / 01/31/2012 - 02/01/2012 | $1.74 |
| System | 2012-02-29 | 00:01 | 82 | $14,015.38 @ 4.550 / 02/01/2012 - 02/29/2012 | $48.79 |
| System | 2012-03-01 | 00:01 | 82 | $14,015.38 @ 4.550 / 02/29/2012 - 03/01/2012 | $1.74 |
| System | 2012-03-31 | 00:01 | 82 | $14,015.38 @ 4.550 / 03/01/2012 - 03/31/2012 | $52.27 |
| System | 2012-04-02 | 00:01 | 82 | $14,015.38 @ 4.550 / 03/31/2012 - 04/02/2012 | $3.48 |
| System | 2012-04-30 | 00:01 | 82 | $14,015.38 @ 4.570 / 04/02/2012 - 04/30/2012 | $49.00 |
| System | 2012-05-02 | 00:01 | 82 | $14,015.38 @ 4.570 / 04/30/2012 - 05/02/2012 | $3.50 |
| System | 2012-05-31 | 00:01 | 82 | $14,015.38 @ 4.570 / 05/02/2012 - 05/31/2012 | $50.75 |
| System | 2012-06-01 | 00:01 | 82 | $14,015.38 @ 4.570 / 05/31/2012 - 06/01/2012 | $1.75 |
| System | 2012-06-30 | 00:01 | 82 | $14,015.38 @ 4.570 / 06/01/2012 - 06/30/2012 | $50.75 |
| System | 2012-07-01 | 00:01 | 82 | $14,015.38 @ 4.570 / 06/30/2012 - 07/01/2012 | $1.75 |
| System | 2012-07-02 | 00:01 | 82 | $14,015.38 @ 4.540 / 07/01/2012 - 07/02/2012 | $1.74 |
| System | 2012-07-31 | 00:01 | 82 | $14,015.38 @ 4.540 / 07/02/2012 - 07/31/2012 | $50.42 |
| System | 2012-08-01 | 00:01 | 82 | $14,015.38 @ 4.540 / 07/31/2012 - 08/01/2012 | $1.74 |
| System | 2012-08-31 | 00:01 | 82 | $14,015.38 @ 4.540 / 08/01/2012 - 08/31/2012 | $52.16 |
| System | 2012-09-04 | 00:01 | 82 | $14,015.38 @ 4.540 / 08/31/2012 - 09/04/2012 | $6.95 |
| System | 2012-09-30 | 00:01 | 82 | $14,015.38 @ 4.540 / 09/04/2012 - 09/30/2012 | $45.20 |
| System | 2012-10-01 | 00:01 | 82 | $14,015.38 @ 4.540 / 09/30/2012 - 10/01/2012 | $1.74 |
| System | 2012-10-31 | 00:01 | 82 | $14,016.38 @ 4.540 / 10/01/2012 - 10/31/2012 | $52.16 |
| System | 2012-11-09 | 00:01 | 82 | $14,015.38 @ 4.540 / 10/31/2012 - 11/09/2012 | $15.65 |
| System | 2012-11-14 | 00:01 | 82 | $14,015.38 @ 4.540 / 11/09/2012 - 11/14/2012 | $8.69 |
| System | 2012-12-03 | 00:01 | 82 | $14,015.38 @ 4.540 / 11/14/2012 - 12/03/2012 | $33.03 |
| System | 2012-12-17 | 00:01 | 82 | $14,015.38 @ 4.540 / 12/03/2012 - 12/17/2012 | $24.34 |
| System | 2012-12-21 | 00:01 | 82 | $14,015.38 @ 4.540 / 12/17/2012 - 12/21/2012 | $6.95 |
| System | 2012-12-31 | 00:01 | 82 | $14,015.38 @ 4.540 / 12/21/2012 - 12/31/2012 | $17.39 |
| System | 2013-01-03 | 00:01 | 82 | $14,015.38 @ 4.540 / 12/31/2012 - 01/03/2013 | $5.23 |
| System | 2013-01-10 | 00:01 | 82 | $14,015.38 @ 4.510 / 01/03/2013 - 01/10/2013 | $12.12 |
| System | 2013-01-31 | 00:01 | 82 | $14,015.38 @ 4.510 / 01/10/2013 - 01/31/2013 | $36.37 |
| System | 2013-02-01 | 00:01 | 82 | $14,015.38 @ 4.510 / 01/31/2013 - 02/01/2013 | $1.73 |
| System | 2013-02-07 | 00:01 | 82 | $14,015.38 @ 4.510 / 02/01/2013 - 02/07/2013 | $10.39 |
| System | 2013-02-13 | 00:01 | 82 | $14,015.38 @ 4.510 / 02/07/2013 - 02/13/2013 | $10.39 |
| System | 2013-02-28 | 00:01 | 82 | $14,015.38 @ 4.510 / 02/13/2013 - 02/28/2013 | $25.96 |
| System | 2013-03-31 | 00:01 | 82 | $14,015.38 @ 4.510 / 02/28/2013 - 03/31/2013 | $53.68 |
| System | 2013-04-09 | 00:01 | 82 | $14,015.38 @ 4.510 / 03/31/2013 - 04/09/2013 | $15.59 |
| System | 2013-04-30 | 00:01 | 82 | $14,015.38 @ 4.500 / 04/09/2013 - 04/30/2013 | $36.29 |
| System | 2013-05-31 | 00:01 | 82 | $14,015.38 @ 4.500 / 04/30/2013 - 05/31/2013 | $53.57 |
| System | 2013-06-04 | 00:01 | 82 | $14,015.38 @ 4.500 / 05/31/2013 - 06/04/2013 | $6.91 |
| System | 2013-06-30 | 00:01 | 82 | $14,015.38 @ 4.500 / 06/04/2013 - 06/30/2013 | $44.93 |
| System | 2013-07-31 | 00:01 | 82 | $14,015.38 @ 4.500 / 06/30/2013 - 07/31/2013 | $53.57 |
| System | 2013-08-31 | 00:01 | 82 | $14,015.38 @ 4.500 / 07/31/2013 - 08/31/2013 | $53.57 |
| System | 2013-09-30 | 00:01 | 82 | $14,015.38 @ 4.500 / 08/31/2013 - 09/30/2013 | $51.84 |
| System | 2013-10-09 | 00:01 | 82 | $14,015.38 @ 4.500 / 09/30/2013 - 10/09/2013 | $15.55 |
| System | 2013-10-31 | 00:01 | 82 | $14,015.38 @ 4.490 / 10/09/2013 - 10/31/2013 | $37.93 |
| System | 2013-11-30 | 00:01 | 82 | $14,015.38 @ 4.490 / 10/31/2013 - 11/30/2013 | $55.28 |

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

# EXHIBIT C

| System | 2013-12-31 | 00:01 | 82 | $14,015.38 @ 4.490 / 11/30/2013 - 12/31/2013 | $53.45 |
|--------|-----------|-------|----|---------------------------------------------|--------|
| System | 2014-01-06 | 00:01 | 82 | $14,015.38 @ 4.490 / 12/31/2013 - 01/06/2014 | $10.34 |
| System | 2014-01-31 | 00:01 | 82 | $14,015.38 @ 4.470 / 01/06/2014 - 01/31/2014 | $42.91 |
| System | 2014-02-28 | 00:01 | 82 | $14,015.38 @ 4.470 / 01/31/2014 - 02/28/2014 | $48.06 |
| System | 2014-04-03 | 00:01 | 82 | $14,015.38 @ 4.470 / 02/28/2014 - 04/03/2014 | $58.36 |
| System | 2014-05-21 | 00:01 | 82 | $14,015.38 @ 4.460 / 04/03/2014 - 05/21/2014 | $82.20 |
| System | 2014-07-03 | 00:01 | 82 | $14,015.38 @ 4.460 / 05/21/2014 - 07/03/2014 | $73.64 |
| System | 2014-07-31 | 00:01 | 82 | $14,015.38 @ 4.450 / 07/03/2014 - 07/31/2014 | $47.84 |
| System | 2014-08-01 | 00:01 | 82 | $14,015.38 @ 4.450 / 07/31/2014 - 08/01/2014 | $1.71 |
| System | 2014-08-31 | 00:01 | 82 | $14,015.38 @ 4.455 / 08/01/2014 - 08/31/2014 | $51.32 |
| System | 2014-09-02 | 00:01 | 82 | $14,015.38 @ 4.455 / 08/31/2014 - 09/02/2014 | $3.42 |
| System | 2014-09-30 | 00:01 | 82 | $14,015.38 @ 4.450 / 09/02/2014 - 09/30/2014 | $47.84 |
| System | 2014-10-01 | 00:01 | 82 | $14,015.38 @ 4.450 / 09/30/2014 - 10/01/2014 | $1.71 |
| System | 2014-10-31 | 00:01 | 82 | $14,015.38 @ 4.450 / 10/01/2014 - 10/31/2014 | $51.26 |
| System | 2014-11-04 | 00:01 | 82 | $14,015.38 @ 4.450 / 10/31/2014 - 11/04/2014 | $6.83 |
| System | 2014-11-30 | 00:01 | 82 | $14,015.38 @ 4.460 / 11/04/2014 - 11/30/2014 | $44.53 |
| System | 2014-12-31 | 00:01 | 82 | $14,015.38 @ 4.460 / 11/30/2014 - 12/31/2014 | $53.09 |
| System | 2015-01-31 | 00:01 | 82 | $14,015.38 @ 4.460 / 12/31/2014 - 01/31/2015 | $53.09 |
| System | 2015-02-28 | 00:01 | 82 | $14,015.38 @ 4.460 / 01/31/2015 - 02/28/2015 | $47.95 |
| System | 2015-03-31 | 00:01 | 82 | $14,015.38 @ 4.460 / 02/28/2015 - 03/31/2015 | $53.09 |
| System | 2015-04-02 | 00:01 | 82 | $14,015.38 @ 4.460 / 03/31/2015 - 04/02/2015 | $3.43 |
| System | 2015-04-30 | 00:01 | 82 | $14,015.38 @ 4.470 / 04/02/2015 - 04/30/2015 | $48.06 |
| System | 2015-05-31 | 00:01 | 82 | $14,015.38 @ 4.470 / 04/30/2015 - 05/31/2015 | $53.21 |
| System | 2015-06-30 | 00:01 | 82 | $14,015.38 @ 4.470 / 05/31/2015 - 06/30/2015 | $51.49 |
| System | 2015-07-01 | 00:01 | 82 | $14,015.38 @ 4.470 / 06/30/2015 - 07/01/2015 | $1.72 |
| System | 2015-07-31 | 00:01 | 82 | $14,015.38 @ 4.480 / 07/01/2015 - 07/31/2015 | $51.61 |
| System | 2015-08-25 | 00:01 | 82 | $14,015.38 @ 4.480 / 07/31/2015 - 08/25/2015 | $43.01 |

This is an attempt to collect a debt
and any information obtained will be used
for that purpose. This communication is
from a debt collector.

**EXHIBIT C**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-4
A Delaware Statutory Trust(s)                      )
                                                   )
                                                   )
Plaintiff                                          )        Docket #
                                                   )
v.                                                 )
                                                   )
                                                   )
DERRICK  BRIGGS                                    )
                                                   )
Defendant(s)                                       )


### AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                    )
                                    )
COUNTY OF  GWINNETT                 )

BEFORE ME, the undersigned authority, personally appeared Affiant _____Kayla E. Chandler_____,

who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated Custodian of Records for Plaintiff pertaining to the Defendant's education loan(s) forming the subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the representations contained in this Affidavit and I am over the age of 18 and competent to testify to the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal knowledge of the business records, including the electronic data, sent to TSI that detail the education loan records.  I also have personal knowledge of the record management practices and

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.    This lawsuit arose out of an unpaid loan or loans owed by defendant DERRICK BRIGGS to Plaintiff.   Specifically Defendant entered into an education loan agreement at Defendant's special instance and request.  A loan was extended for Defendant's to use pursuant to the terms of the loan agreements.  Defendant has failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.    Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.    I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.    I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx0880/001-001000.  No payment has been made since 9/30/2010.  After all payments, credits and offsets have been applied, defendant DERRICK BRIGGS owes the principal sum of  $14,363.74, together with accrued interest in the amount of $2,738.86, totaling the sum of  $17,102.60 as of 11/20/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.  In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.   Based on records maintained by Plaintiff, the Defendant is not a minor or incompetent. A reasonable inquiry has been made to determine if the Defendant is in the military service of the United States of America, and to the best of my knowledge, Defendant is not in such military services and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.   I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT: Kayla E. Chandler
Print Name: _____
Title: _____ Legal Case Manager ____

SWORN AND SUBSCRIBED to before me this ___20___ day of ___Navmbr___, 20_5_.

_____
NOTARY PUBLIC
My Commission Expires on



This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

# EXHIBIT A

This is an attempt to collect a debt
and any information obtained will be used
for that purpose.  This communication is
from a debt collector.

**EXHIBIT C**

NOTE DISCLOSURE STATEMENT

Borrower(s)          MARGARET I BRIGGS
                     DERRICK S BRIGGS

Student:
Date:                MARGARET I BRIGGS

Lender Name and Address
CHARTER ONE BANK, N.A.

MARGARET I BRIGGS
CONWAY, AR

October 3, 2006

This disclosure statement relates to your Loan Note referenced on
Because your Loan is dated, deferred or certain repayment, or the repayment terms are being modified, the following
information about your Loan is being given to you.

ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments
The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled.
% | $ | $ 10,000.00 | $ 20,127.20

Your payment schedule will be:
Number of Payments | Amount of Payments | When Payments are Due
240 | $ 125.53 | On the 1st day of each month beginning 12/2008

VARIABLE RATE: The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any prepayment refunds and penalties.

Itemization of Amount Financed
Amount paid to   MARGARET I BRIGGS and
Amount paid to   DERRICK S BRIGGS
Total Amount Financed

Itemization of Prepaid Finance Charge
Origination Fee
Total Prepaid Finance Charge(s)

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)   $

UFDUSP  Upsmile Undergraduate Loan   File Copy

This is an attempt to collect a debt
and any information obtained will be used
for that purpose. This communication is
from a debt collector.

Upromise Undergraduate Loan

Lender: Charter One Bank, N.A.

Loan Amount Requested: $10800.00

Disbursed Period Margin: 4.9

School: GRACELAND UNIVERSITY

Repayment Options Full Deferral

Repayment Period Margin: 4.9

Academic Period: 08/2006-01/2007

Loan Origination Fee Percentage: 8.00

Home Telephone:

Work Tel #:

Employer Telephone:

Work Tel #:

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS – NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS CREDIT AGREEMENT BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.**

(b) DO NOT SIGN THIS CREDIT AGREEMENT IF IT CONTAINS ANY BLANK SPACES.

(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.

(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS CREDIT AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

Signature of Borrower _____ Date: 9-29-2006

**BY SIGNING THIS CREDIT AGREEMENT BELOW, I CERTIFY THAT I INTEND TO (i) APPLY FOR JOINT CREDIT AND (ii) BE JOINTLY LIABLE WITH THE BORROWER FOR THIS LOAN.**

Signature of Cosigner _____ Date: _____

AB.05-08.C8X1.10DC.0906

LENDER COPY

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Department of Defense Manpower Data Center



**EXHIBIT C**

**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>BRIGGS</u>
First Name: <u>DERRICK</u>
Middle Name:
Active Duty Status As Of: <u>Nov-20-2015</u>

| | NA | | | NA |
|---|---|---|---|---|
| | This response reflects... | | | |

| | NA | | | NA |
|---|---|---|---|---|
| | This response reflects... | | | |

| | NA | | | NA |
|---|---|---|---|---|
| | This response reflects... | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

EXHIBIT C

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://lib.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?&subject=Locating Service Members or Getting a Mailing Address. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The Individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More Information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: I2N8B805Z282S50

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

## Loan Payment History Report
### Date: 2013-12-05

| | | | |
|---|---|---|---|
| Account Number: | ████████1000 | | |
| Social Security Number: | ███████0660 | Product: | DFU DIRECT TO CONSUMER UNDERGRAD |
| Name: | BRIGGS, MARGARET | Officer Code: | 777084 |
| Birth Date: | 1956-█ | School: | GRACELAND UNIVERSITY |
| Address 1: | ████████ | Program Year: | 2005-06 |
| Address 2: | | | |
| City: | RAVENDEN | Variable Rate Code: | FU LIBOR |
| State: | AR | Interest Rate: | 4.49% |
| Zip Code: | ████████ | Last Payment Date: | 2010-09-30 |
| Cosigner Name: | BRIGGS, DERRICK | | |
| Social Security Number: | ███████1957 | | |
| Address 1: | ████████ | | |
| Address 2: | | | |
| City: | LITTLE ROCK | | |
| State: | AR | | |
| Zip Code: | ████████ | | |
| | | Last Payment Amount: | $45.50 |
| | | Payment Due Date: | 2011-05-06 |
| Contract Date: | 2005-10-05 | Last Interest Date: | 2013-12-05 |
| Date Assigned: | 2013-06-04 | Accrued Interest: | $1,633.84 |
| Charge Off Date: | 2011-06-01 | Recovered Interest: | $0.00 |
| Charge Off Amount: | $14,363.74 | Net Interest: | $1,633.84 |
| Recovered Principal: | $0.00 | Associated Costs: | $0.00 |
| Net Charge Off: | $14,363.74 | Recovered Costs: | $0.00 |
| Disbursement Date: | 2005-10-05 | Net Costs: | $0.00 |
| Disbursement Amount: | $10,928.96 | | |

### Transaction History

| | | | | | |
|---|---|---|---|---|---|
| System | 2011-06-30 | 00:01 | 82 | $14,363.74 @ 4.590 / 06/01/2011 - 06/30/2011 | $52.04 |
| System | 2011-07-01 | 00:01 | 82 | $14,363.74 @ 4.590 / 06/30/2011 - 07/01/2011 | $1.79 |
| System | 2011-07-31 | 00:01 | 82 | $14,363.74 @ 4.510 / 07/01/2011 - 07/31/2011 | $53.24 |
| System | 2011-08-01 | 00:01 | 82 | $14,363.74 @ 4.510 / 07/31/2011 - 08/01/2011 | $1.77 |
| System | 2011-08-31 | 00:01 | 82 | $14,363.74 @ 4.510 / 08/01/2011 - 08/31/2011 | $53.24 |
| System | 2011-09-01 | 00:01 | 82 | $14,363.74 @ 4.510 / 08/31/2011 - 09/01/2011 | $1.77 |
| System | 2011-09-30 | 00:01 | 82 | $14,363.74 @ 4.510 / 09/01/2011 - 09/30/2011 | $51.47 |
| System | 2011-10-03 | 00:01 | 82 | $14,363.74 @ 4.510 / 09/30/2011 - 10/03/2011 | $5.32 |
| System | 2011-10-31 | 00:01 | 82 | $14,363.74 @ 4.500 / 10/03/2011 - 10/31/2011 | $49.55 |
| System | 2011-11-01 | 00:01 | 82 | $14,363.74 @ 4.500 / 10/31/2011 - 11/01/2011 | $1.77 |
| System | 2011-11-30 | 00:01 | 82 | $14,363.74 @ 4.500 / 11/01/2011 - 11/30/2011 | $51.36 |

and any information obtained will be used for that purpose. This communication is from a debt collector.

# EXHIBIT C

| | | | | | |
|---|---|---|---|---|---|
| System | 2011-12-01 | 00:01 | 82 | $14,363.74 @ 4.500 / 11/30/2011 - 12/01/2011 | $1.77 |
| System | 2011-12-31 | 00:01 | 82 | $14,363.74 @ 4.500 / 12/01/2011 - 12/31/2011 | $53.13 |
| System | 2012-01-03 | 00:01 | 82 | $14,363.74 @ 4.550 / 12/31/2011 - 01/03/2012 | $5.36 |
| System | 2012-01-31 | 00:01 | 82 | $14,363.74 @ 4.550 / 01/03/2012 - 01/31/2012 | $50.00 |
| System | 2012-02-01 | 00:01 | 82 | $14,363.74 @ 4.550 / 01/31/2012 - 02/01/2012 | $1.79 |
| System | 2012-02-29 | 00:01 | 82 | $14,363.74 @ 4.550 / 02/01/2012 - 02/29/2012 | $50.00 |
| System | 2012-03-01 | 00:01 | 82 | $14,363.74 @ 4.550 / 02/29/2012 - 03/01/2012 | $1.79 |
| System | 2012-03-31 | 00:01 | 82 | $14,363.74 @ 4.550 / 03/01/2012 - 03/31/2012 | $53.57 |
| System | 2012-04-02 | 00:01 | 82 | $14,363.74 @ 4.570 / 03/31/2012 - 04/02/2012 | $3.57 |
| System | 2012-04-30 | 00:01 | 82 | $14,363.74 @ 4.570 / 04/02/2012 - 04/30/2012 | $50.22 |
| System | 2012-05-02 | 00:01 | 82 | $14,363.74 @ 4.570 / 04/30/2012 - 05/02/2012 | $3.59 |
| System | 2012-05-31 | 00:01 | 82 | $14,363.74 @ 4.570 / 05/02/2012 - 05/31/2012 | $52.01 |
| System | 2012-06-01 | 00:01 | 82 | $14,363.74 @ 4.570 / 05/31/2012 - 06/01/2012 | $1.79 |
| System | 2012-06-30 | 00:01 | 82 | $14,363.74 @ 4.570 / 06/01/2012 - 06/30/2012 | $52.01 |
| System | 2012-07-01 | 00:01 | 82 | $14,363.74 @ 4.570 / 06/30/2012 - 07/01/2012 | $1.79 |
| System | 2012-07-02 | 00:01 | 82 | $14,363.74 @ 4.540 / 07/01/2012 - 07/02/2012 | $1.78 |
| System | 2012-07-31 | 00:01 | 82 | $14,363.74 @ 4.540 / 07/02/2012 - 07/31/2012 | $51.67 |
| System | 2012-08-01 | 00:01 | 82 | $14,363.74 @ 4.540 / 07/31/2012 - 08/01/2012 | $1.78 |
| System | 2012-08-31 | 00:01 | 82 | $14,363.74 @ 4.540 / 08/01/2012 - 08/31/2012 | $53.45 |
| System | 2012-09-04 | 00:01 | 82 | $14,363.74 @ 4.540 / 08/31/2012 - 09/04/2012 | $7.13 |
| System | 2012-09-30 | 00:01 | 82 | $14,363.74 @ 4.540 / 09/04/2012 - 09/30/2012 | $46.33 |
| System | 2012-10-01 | 00:01 | 82 | $14,363.74 @ 4.540 / 09/30/2012 - 10/01/2012 | $1.78 |
| System | 2012-10-31 | 00:01 | 82 | $14,363.74 @ 4.540 / 10/01/2012 - 10/31/2012 | $53.45 |
| System | 2012-11-09 | 00:01 | 82 | $14,363.74 @ 4.540 / 10/31/2012 - 11/09/2012 | $16.04 |
| System | 2012-11-14 | 00:01 | 82 | $14,363.74 @ 4.540 / 11/09/2012 - 11/14/2012 | $8.91 |
| System | 2012-12-03 | 00:01 | 82 | $14,363.74 @ 4.540 / 11/14/2012 - 12/03/2012 | $33.85 |
| System | 2012-12-11 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/03/2012 - 12/11/2012 | $14.25 |
| System | 2012-12-13 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/11/2012 - 12/13/2012 | $3.56 |
| System | 2012-12-14 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/13/2012 - 12/14/2012 | $1.78 |
| System | 2012-12-17 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/14/2012 - 12/17/2012 | $5.35 |
| System | 2012-12-18 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/17/2012 - 12/18/2012 | $1.78 |
| System | 2012-12-21 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/18/2012 - 12/21/2012 | $5.35 |
| System | 2012-12-26 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/21/2012 - 12/26/2012 | $8.91 |
| System | 2012-12-27 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/26/2012 - 12/27/2012 | $1.78 |
| System | 2012-12-28 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/27/2012 - 12/28/2012 | $1.78 |
| System | 2012-12-31 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/28/2012 - 12/31/2012 | $5.35 |
| System | 2013-01-03 | 00:01 | 82 | $14,363.74 @ 4.540 / 12/31/2012 - 01/03/2013 | $5.36 |
| System | 2013-01-04 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/03/2013 - 01/04/2013 | $1.77 |
| System | 2013-01-07 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/04/2013 - 01/07/2013 | $5.32 |
| System | 2013-01-08 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/07/2013 - 01/08/2013 | $1.77 |
| System | 2013-01-10 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/08/2013 - 01/10/2013 | $3.55 |
| System | 2013-01-11 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/10/2013 - 01/11/2013 | $1.77 |
| System | 2013-01-14 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/11/2013 - 01/14/2013 | $5.32 |
| System | 2013-01-15 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/14/2013 - 01/15/2013 | $1.77 |
| System | 2013-01-17 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/15/2013 - 01/17/2013 | $3.55 |
| System | 2013-01-18 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/17/2013 - 01/18/2013 | $1.77 |
| System | 2013-01-21 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/18/2013 - 01/21/2013 | $5.32 |
| System | 2013-01-22 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/21/2013 - 01/22/2013 | $1.77 |

... attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

EXHIBIT C

| System | 2013-01-24 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/22/2013 - 01/24/2013 | $3.55 |
|--------|-----------|-------|-----|-----------------------------------------------|--------|
| System | 2013-01-25 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/24/2013 - 01/25/2013 | $1.77 |
| System | 2013-01-28 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/25/2013 - 01/28/2013 | $5.32 |
| System | 2013-01-30 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/28/2013 - 01/30/2013 | $3.55 |
| System | 2013-01-31 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/30/2013 - 01/31/2013 | $1.77 |
| System | 2013-02-01 | 00:01 | 82 | $14,363.74 @ 4.510 / 01/31/2013 - 02/01/2013 | $1.77 |
| System | 2013-02-04 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/01/2013 - 02/04/2013 | $5.32 |
| System | 2013-02-05 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/04/2013 - 02/05/2013 | $1.77 |
| System | 2013-02-06 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/05/2013 - 02/06/2013 | $1.77 |
| System | 2013-02-07 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/06/2013 - 02/07/2013 | $1.77 |
| System | 2013-02-08 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/07/2013 - 02/08/2013 | $1.77 |
| System | 2013-02-11 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/08/2013 - 02/11/2013 | $5.32 |
| System | 2013-02-12 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/11/2013 - 02/12/2013 | $1.77 |
| System | 2013-02-13 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/12/2013 - 02/13/2013 | $1.77 |
| System | 2013-02-14 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/13/2013 - 02/14/2013 | $1.77 |
| System | 2013-02-15 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/14/2013 - 02/15/2013 | $1.77 |
| System | 2013-02-18 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/15/2013 - 02/18/2013 | $5.32 |
| System | 2013-02-28 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/18/2013 - 02/28/2013 | $17.75 |
| System | 2013-03-31 | 00:01 | 82 | $14,363.74 @ 4.510 / 02/28/2013 - 03/31/2013 | $55.02 |
| System | 2013-04-09 | 00:01 | 82 | $14,363.74 @ 4.510 / 03/31/2013 - 04/09/2013 | $15.97 |
| System | 2013-04-30 | 00:01 | 82 | $14,363.74 @ 4.500 / 04/09/2013 - 04/30/2013 | $37.19 |
| System | 2013-05-31 | 00:01 | 82 | $14,363.74 @ 4.500 / 04/30/2013 - 05/31/2013 | $54.90 |
| System | 2013-06-04 | 00:01 | 82 | $14,363.74 @ 4.500 / 05/31/2013 - 06/04/2013 | $7.08 |
| System | 2013-06-30 | 00:01 | 82 | $14,363.74 @ 4.500 / 06/04/2013 - 06/30/2013 | $46.04 |
| System | 2013-07-31 | 00:01 | 82 | $14,363.74 @ 4.500 / 06/30/2013 - 07/31/2013 | $54.90 |
| System | 2013-08-31 | 00:01 | 82 | $14,363.74 @ 4.500 / 07/31/2013 - 08/31/2013 | $54.90 |
| System | 2013-09-30 | 00:01 | 82 | $14,363.74 @ 4.500 / 08/31/2013 - 09/30/2013 | $53.13 |
| System | 2013-10-09 | 00:01 | 82 | $14,363.74 @ 4.500 / 09/30/2013 - 10/09/2013 | $15.94 |
| System | 2013-10-31 | 00:01 | 82 | $14,363.74 @ 4.490 / 10/09/2013 - 10/31/2013 | $38.87 |
| System | 2013-11-30 | 00:01 | 82 | $14,363.74 @ 4.490 / 10/31/2013 - 11/30/2013 | $53.01 |
| System | 2013-12-05 | 00:01 | 82 | $14,363.74 @ 4.490 / 11/30/2013 - 12/05/2013 | $8.83 |

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.